UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DONALDSON,<br><br>  Plaintiff,<br><br>GLIDEWELL,<br><br>  Defendant. | No. 2:20-cv-0270 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening. Because this court finds below that plaintiff cannot state a cognizable claim for relief under § 1983, it does not rule on the motion to proceed in forma pauperis and recommends this action be dismissed.

**SCREENING**

**I. Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Analysis**

    **A. Allegations of the Complaint**

Plaintiff is currently incarcerated at R.J. Donovan Correctional Facility. He complains of conduct that occurred in October 2016 when he was incarcerated at the California Health Care Facility. Plaintiff alleges that on October 5, 2016, defendant Glidewell and an unnamed officer were escorting him in the Administrative Segregation Unit. Plaintiff's hands were in handcuffs behind his back. Plaintiff was directed to go up stairs. He started up the stairs, but lost his balance and fell, striking his forehead on the steps. That impact caused vision loss and psychological issues. Plaintiff alleges Glidewell and the other officer failed to follow normal procedures to provide plaintiff support while he walked up the stairs. Plaintiff seeks compensatory and punitive damages.

    **B. Does Plaintiff State Cognizable Claims for Relief?**

Plaintiff contends he is stating two constitutional claims : one for deliberate indifferent to his safety and the other for a violation of his rights to equal protection of the laws.

        **1. Eighth Amendment Duty to Protect**

Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) and Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, a prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." Labatad, 714 F.3d at 1160 (citing Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)).

A failure to protect claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety." Farmer, 511 U.S. at 837. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842 (citations omitted). The duty to protect a prisoner from

serious harm requires that prison officials take reasonable measures to guarantee the safety and well-being of the prisoner. Id. at 832-33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of mind." Wilson, 501 U.S. at 297 (internal quotations marks, emphasis, and citations omitted).

Plaintiff contends that Glidewell and the other officer failed to use reasonable care when they transported him on the stairs. He further contends that their failure to follow normal procedures by "supporting and restraining" plaintiff while he was handcuffed demonstrates that they were deliberately indifferent to his safety.

The failure to use reasonable care is a claim for negligence. Cotta v. County of Kings, 686 F. App'x 467, 469 (9th Cir. 2017); Lawson v. Superior Ct., 180 Cal. App. 4th 1372, 1389-90 (2010). That is a state law tort claim that is not cognizable under § 1983. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-106 (1976)); see also Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). Even gross negligence is insufficient to establish deliberate indifference. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

The facts provided by plaintiff do not show that Glidewell and the other officer had a sufficiently culpable state of mind. To meet the Eighth Amendment standards, plaintiff must have stated facts showing that these officers were more than careless or unreasonable. Further, simply showing that the officers did not follow procedures is insufficient to establish deliberate indifference. See Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir.2009) (alleged failure to follow prison policy does not establish federal constitutional violation). Plaintiff must have shown that the officers chose to ignore a clear threat of danger to plaintiff.

Typically, this court provides plaintiffs an opportunity to amend their complaints. However, here, the facts stated by plaintiff set out a claim for negligent, not deliberately indifferent, conduct. Therefore, any attempt to amend the complaint would be futile. Accordingly, this court will recommend plaintiff's Eighth Amendment claim be dismissed.

////

### 2. Equal Protection

Plaintiff alleges the officers' failure to support him as he climbed the stairs denied him "the same equal protection normally granted other prisoners 'under similar circumstances.'"

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. Calif. Dept. of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that defendants intentionally discriminated against plaintiff based on his membership in a protected class, Hartmann, 707 F.3d at 1123, or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 601–02 (2008). An equal protection claim may also exist where a policy that is neutral on its face has a disproportionate, or "disparate," impact on an identifiable group. Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 264-66 (1977).

Plaintiff does not state facts showing that the officers intentionally failed to support plaintiff on the stairs because he is a member of a protected class. Nor does plaintiff show that he and other inmates who were escorted up the stairs were similarly situated. To state an equal protection claim, plaintiff must allege that he and the other inmates were the same in all relevant respects. Plaintiff has not, and cannot, allege an equal protection claim based on his fall on the stairs.

For the foregoing reasons, and good cause appearing, the Clerk of the Court IS HEREBY ORDERED to randomly assign a district judge to this case.

Further, IT IS RECOMMENDED that plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 10, 2020

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/dona0270.scrn lta